TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0515-KB

KENTUCKY BAR ASSOCIATION                                    MOVANT


V.                        IN SUPREME COURT


MATTHEW PAUL SCHULTZ                               RESPONDENT

## **OPINION AND ORDER**

Pursuant to SCR 3.165(1)(a) and (b), the Inquiry Commission of the Kentucky Bar Association (KBA) has petitioned this Court to enter an order temporarily suspending Respondent, Matthew Paul Schultz (Schultz), from the practice of law in the Commonwealth of Kentucky. Schultz's KBA number is 95336 and his last known bar roster address is 200 Pinebrook Drive, Paducah, KY 42001.

The Inquiry Commission asserts there is probable cause to believe Schultz is or has been misappropriating funds of others to his own use or has been otherwise improperly dealing with said funds. The Inquiry Commission further asserts probable cause exists to believe Schultz's conduct poses a substantial threat of harm to his clients or the public. Schultz has not responded to this Court's December 29, 2021, order to show cause why he should not be subject to the requested temporary suspension.

In its petition, the Inquiry Commission sets forth the facts underlying its request for a temporary suspension. Conrad Carr (Carr) hired Schultz to

represent him in a case where he was charged with three counts of theft by unlawful taking of $10,000 or more, a Class C Felony[1].  Carr pleaded guilty to all three counts and agreed to pay restitution in the amount of $242,272.96. He was to list his house for sale and apply the funds from the sale to his restitution.

Carr's home sold in June 2021.  He presented a check to Schultz in the amount of $78,609.21.  Schultz was to deliver the check to the Livingston County Circuit Clerk's office (Clerk).  Schultz deposited the check into his escrow account on June 21, 2021.

The court reviewed restitution payment on July 21, 2021 and discovered that the proceeds of the sale of the home had not been deposited with the Clerk.  Carr was summoned to appear before the court on August 18, 2021. Carr appeared, however Schultz did not.  The matter was then set for September 15, 2021.  A show cause order was entered for Schultz to show cause why he should not be held in contempt for failing to deliver the check to the Clerk.  This show cause was set for September 1, 2021.

Schultz failed to appear for the show cause hearing.  The court then ordered Schultz to appear on September 15, 2021, and if he failed to appear, a bench warrant would be issued for his arrest.

The court entered an Order of Civil Contempt on September 9, 2021. The order would allow Schultz to purge himself of contempt by delivering the

---

[1] *Commonwealth of Kentucky v. Conrad M. Carr*, Livingston Circuit Court, Case No. 20-CR-00071.

check to the Clerk no later than September 14, 2021. Schultz did not turn over the check and he did not appear for court on September 15, 2021. The court issued a bench warrant and he was taken into custody a few weeks later.

Schultz was charged on October 1, 2021 with Theft by Unlawful Taking or Disposition of more than $10,000 but less than $1,000,000 and Promoting Contraband, First Degree[2].

As a result of the facts, the Inquiry Commission asked the Court to issue a show cause as to why he should not be temporarily suspended pursuant to SCR 3.165(1)(a) and (b). The Court issued the show cause and Schultz has not responded.

SCR 3.165(1)(a) permits the Inquiry Commission to petition this Court for an order of temporary suspension if "[i]t appears that probable cause exists to believe that an attorney is or has been misappropriating funds the attorney holds for others to his/her own use or has been otherwise improperly dealing with said funds[.]" Further, SCR 3.165(1)(b) permits temporarily suspending an attorney if "[i]t appears that probable cause exists to believe that an attorney's conduct poses a substantial threat of harm to his clients or to the public[.]"

This Court has reviewed the uncontroverted allegations of the Inquiry Commission and agrees probable cause exists to believe Schultz is or has been misappropriating funds or has been otherwise improperly dealing with said

---

[2] *Commonwealth of Kentucky v. Matthew Schultz,* McCracken District Court, case numbers 21-F-929 and 21-F-930.

3

funds as required by SCR 3.165(1)(a). We further agree a reasonable basis exists to believe Schultz's conduct poses a substantial threat of harm to his clients as required by SCR 3.165(1)(b). Consequently, we agree with the Inquiry Commission that Schultz's license to practice law should be temporarily suspended pursuant to SCR 3.165(1).

ACCORDINGLY, IT IS HEREBY ORDERED as follows:

1. Matthew Paul Schultz is temporarily suspended from the practice of law in the Commonwealth of Kentucky, effective upon the date of entry of this Order, pending further orders from this Court;

2. Disciplinary proceedings against Schultz may be initiated by the Inquiry Commission pursuant to SCR 3.160, unless already begun or unless Schultz resigns under terms of disbarment;

3. Pursuant to SCR 3.165(5), Schultz shall, within twenty (20) days from the date of the entry of this Opinion and Order, notify in writing all clients of his inability to provide further legal services and furnish the Director of the Kentucky Bar Association with copies of all such letters;

4. Pursuant to SCR 3.165(6), Schultz shall immediately, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

Minton, C.J.; Conley, Hughes, Keller, Lambert and VanMeter, JJ., sitting. All concur. Nickell, J., not sitting.

ENTERED: March 24, 2022.

_____
CHIEF JUSTICE

4